Kathleen **WHITESIDE**, an individual, d/b/a the European Garden, Plaintiff—Appellant,

v.

**FLORISTS' MUTUAL INSURANCE COMPANY**, an Illinois corporation, Defendant—Appellee.

No. 00–55950.

D.C. No. CV–99–02065–RAP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 2001.

Decided Dec. 20, 2001.

---

Before PREGERSON, REINHARDT, and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Whiteside appeals the district court's grant of summary judgment in favor of Florists' Mutual Insurance Company, contending that Florists' Mutual owed a duty to defend Whiteside in an action by her former employee for intentional infliction of emotional distress. Whiteside also argues that Florists' Mutual acted in bad faith by failing to respond to her claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, *see Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir.2000), and affirm in part and reverse in part.

Because the parties are familiar with the facts, we will not recite them in detail except as necessary.

Whiteside argues that the district court erred in ruling that Florists' Mutual had no duty to defend her in a suit brought by her former employee for intentional infliction of emotional distress. An insurer has a duty to defend a claim that potentially seeks damages within the policy's coverage. *See Gray v. Zurich*, 65 Cal.2d 263, 274, 54 Cal.Rptr. 104, 419 P.2d 168 (1966). Florists' Mutual's policy provided coverage only for "occurrences," which is defined in the policy to mean an accident. The underlying complaint alleges deliberate conduct. In California, "[i]t is fundmental that allegations of intentional wrongdoing do not allege an 'accident.' " *Collin v. American Empire Ins. Co.*, 21 Cal.App.4th 787, 806, 26 Cal.Rptr.2d 391

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

(1994). The district court was therefore correct in finding that the claim was not potentially covered by Florists' Mutual's policy.

■ Next, Whiteside argues that the district court erred in granting summary judgment in favor of Florists' Mutual on her claim that Florists' Mutual breached its duty of good faith and fair dealing. In general, "a bad faith claim cannot be maintained unless policy benefits are due." *McMillin Scripps North Partnership v. Royal Ins. Co. of America,* 19 Cal.App.4th 1215, 1222–23, 23 Cal.Rptr.2d 243 (1994). However, unusual circumstances may exist "in which an insurance company could be liable to its insured for tortious bad faith despite the fact that the insurance contract did not provide for coverage." *Id.* at 1222–23, 23 Cal.Rptr.2d 243. For example, where an insurance company makes a misrepresentation to its insured that hinders the insured's investigation of his claim thereby preventing the insured from protecting his interests, bad faith liability may attach notwithstanding the lack of contractual coverage. *See id.* at 1223, 23 Cal.Rptr.2d 243.

■ Here, Whiteside presented sufficient evidence to raise a genuine issue regarding whether Florists' Mutual breached its independent tort duty of good faith and fair dealing. Whiteside came forward with evidence that she relied on Florists' Mutual's representations to her that it was "handling" the Ballow matter when it was not, and that Florists' Mutual waited over five years to deny coverage of her claim. As a result, Whiteside did not initially retain independent counsel and suffered the temporary loss of over $1200.00 from her bank account, her car, and an FTD account that constituted half of her total revenue. This is sufficient to raise a genuine question as to whether Florists' Mutual breached its duty of good faith and fair dealing.

Accordingly, the district court's grant of summary judgment is AFFIRMED in part and REVERSED in part. The case is REMANDED for further proceedings consistent with this memorandum.